UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLARISSA J.[1],

        Plaintiff,

v.                                                  23-CV-186 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## DECISION AND ORDER

Plaintiff Clarissa J. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6–1. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 9. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and her application for Supplemental Security Income ("SSI"), both filed on October 14, 2020.[2] Tr. 302–308.[3] Plaintiff's applications were initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 194–195. Following the hearing, in which Plaintiff was represented by counsel, ALJ Linda Crovella issued a decision finding that Plaintiff was not disabled. Tr. 14–26. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–12; Dkt. 1.

## LEGAL STANDARDS

### I.  DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he/she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 5 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 5 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.   DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental

3

activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not

disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 1, 2018, her alleged onset date. Tr. 16. The ALJ also found that Plaintiff suffered from the following severe impairments: neurocardiogenic syncope; bipolar disorder; major depressive disorder; obsessive-compulsive disorder; borderline personality disorder; and polysubstance abuse disorder in early remission (20 CFR 404.1520(c) and 416.920(c)). Tr. 17. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] cannot tolerate even moderate exposure to workplace hazards such as unprotected heights or dangerous, moving machinery. [Plaintiff] could tolerate incidental or superficial interaction with the public but she cannot work in tandem with coworkers. [Plaintiff] could occasionally interact with supervisors and coworkers. [Plaintiff] could perform work in a low-stress work environment, defined as one with no strict production quotas, no assembly line- or conveyor belt-pace work, and no more than occasionally changes in the work setting.

Tr. 20.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 25. But the ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since June 1, 2018, her alleged onset date. Tr. 26.

## II.   PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ failed to evaluate properly her subjective complaints describing the intensity, persistence, and limiting effects of her symptoms. Dkt 6–1, at 7. Plaintiff further argues that because the ALJ failed to discuss her anxiety being triggered by loud noises, the RFC "only stereotypically accounts for Plaintiff's stress limitations–not her specific stress triggers." *Id.* at 10.

## III. ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x. 53, 56 (2d Cir. 2013). The Second Circuit has held that, where "'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity' a medical source statement or formal medical opinion is not necessarily required[.]" *Monroe v. Comm'r*, 676 F. App'x. 5, 8 (2d Cir. 2017) (quoting *Tankisi v. Comm'r*, 521 F. App'x 29, 34 (2d Cir. 2013)). *See also Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (affirming Commissioner's final decision despite lack of medical opinion expressly discussing Plaintiff's physical limitations and ALJ's reliance on treatment notes to formulate the RFC).

An ALJ is responsible for assessing a plaintiff's RFC based on the record as a whole, including plaintiff's subjective complaints. When determining a claimant's RFC, "the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; [the ALJ] may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted).

Under the substantial evidence standard of review, Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support her position. Substantial evidence "means–and means only– such relevant evidence as a reasonable mind might accept as adequate to support a

7

conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (*citing Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012).

Plaintiff argues that the ALJ "failed to properly evaluate the steps Plaintiff needed to take to thwart an episode of neurocardiogenic syncope." Dkt 6–1 at 8. Plaintiff makes the related argument that the ALJ "failed to evaluate Plaintiff's subjective complaints about the triggers for her stress." *Id.* at 9. Although the ALJ's RFC did not comprehensively mirror Plaintiff's testimony regarding her limitations, the ALJ properly considered her testimony, together with the record, in formulating the RFC.

Although the record contains evidence supporting Plaintiff's syncope diagnosis, substantial evidence nonetheless supports the ALJ's determination. The ALJ found that while Plaintiff "testified that she experiences an episode of syncope, . . . records show that despite being diagnosed with syncope as far back as 2017, treatment has been sparse." Tr. 22 (citing *id.* at 491 (Plaintiff was prescribed Lexapro in 2017 and did not return until 2019), 510 (Plaintiff was prescribed medication for syncope but did not take it), 522 (Plaintiff's report that she knew how to control her syncope and that it was exacerbated with overexposure to heat)). The ALJ considered records describing Plaintiff not taking medication prescribed for syncope; statements that Plaintiff knew how to control her syncope and that her

8

episode only lasts a couple of seconds and includes no noteworthy symptoms; and examination results with unremarkable findings. Tr. 23 (citing *id.* at 418, 425, 479, 484, 486, 509, 522, 645, 740, 777, 871).

The ALJ considered these records and incorporated the same limitation suggested by Dr. Liu into Plaintiff's RFC (limiting Plaintiff to never climb ladders, ropes, and scaffolds). Tr. 23 (*see id.* at 117). Dr. Liu's opinion was later affirmed by Dr. Meyer and Dr. Meyer. Tr. 81, 97–98. Further, Plaintiff testified at the hearing that she was not seeing a neurologist or taking medication for her syncope. Tr. 49–50. Therefore, "[e]ven though there is also evidence in the record to the contrary and even though an analysis of the substantiality of the evidence must also include that which detracts from its weight," the Court "defers to the Commissioner's resolution of conflicting evidence." *Barrere v. Saul,* 857 F. App'x 22, 24 (2d Cir. 2021) (internal quotations and citations omitted); *see Cage v. Comm'r of Soc. Sec.,* 692 F.3d 118, 127 (2d Cir. 2012) (substantial evidence is so deferential that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence).

The ALJ evaluated Plaintiff's subjective complaints under 20 C.F.R. § 416.929, and concluded that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22; *see Yucekus v. Comm'r of Soc. Sec.,* 829 F. App'x 554, 556 (2d Cir. 2020) (citing *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010) (ALJ "is not required to accept the claimant's subjective complaints

9

without question" and reserves the direction to weigh the credibility of a claimant's testimony against the other record evidence.)). Therefore, because the ALJ properly concluded that Plaintiff's subjective complaints about the limiting effects of her impairments were not supported by the medical evidence in the record, the ALJ was not required to adopt her subjective complaints in formulating the RFC.

Moreover, the ALJ's failure to discuss Plaintiff's trigger to loud noise was not harmful error. Plaintiff points to her testimony in response to the ALJ's question regarding what triggers her anxiety. *Id.* During her testimony, Plaintiff stated that she is triggered by "big crowds of people, loud noises, like when [she is] in public . . . and there's a whole bunch of different noises going on, it just overwhelms [her] brain." Tr. 52. And she argues that "[t]he three jobs found at Step Five all have a noise level of moderate or loud." Dkt 6–1, at 10.

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called "low stress" jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect [her] ability to work." *Stadler v. Barnhart,* 464 F. Supp. 2d 183, 188 (W.D.N.Y. 2006) (quoting SSR 85-15, 1985 WL 56857, at *6 (Jan. 1, 1985)). An ALJ's RFC determination may adequately account for a claimant's stress even without an explicit stress limitation. *See Herb v. Comm'r of Soc. Sec.,* 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2021).

10

In crafting Plaintiff's RFC, the ALJ considered two opinions that explicitly addressed Plaintiff's noise limitation. *See* Tr. 81, 120. On January 5, 2021, Dr. Jennifer Meyer, M.D., opined Plaintiff had no environmental limitation to noise. Tr. 81. Upon a review of the physical impairment evidence, Dr. Meyer found that Plaintiff could perform work with postural and environmental limitations. *Id.* On April 5, 2021, Dr. V. Baronos, M.D., in reviewing Dr. Meyer's findings, also found that Plaintiff had no such limitation. Tr. 120. The ALJ found both opinions persuasive because they "are consistent with the objective medical evidence, function reports, and testimony." Tr. 24.

While the ALJ did not specifically mention Plaintiff's statement regarding her trigger to loud noises, the ALJ did state that Plaintiff "is easily overwhelmed and stressed out by unexpected or unplanned events." Tr. 21. The ALJ additionally noted that Plaintiff "recently started working as a cashier in a hospital and noted it was a busy job that required frequent interaction with customers." *Id.* at 19. The ALJ found that, "[a]lthough she complains of social withdrawal and social anxiety, she is often described as cooperative, pleasant, interactive, and demonstrating adequate mood regulation despite some signs of anxiety." *Id* at 18 (citing *id.* at 417, 419, 426, 479, 493, 512, 516–517, 629, 684, 718, 722, 740, 871). Thus, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence." *Id.* at 22.

The ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole. *Trepanier v. Comm'r of Soc. Sec Admin.,* 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ is entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."). The ALJ also adequately made "specific findings about the nature of [Plaintiff's] stress, the circumstances that trigger[ed] it, and how those factors affect[ed] [her] ability to work." *Stadler,* 464 F. Supp. 2d at 188–89. Because the ALJ addressed Plaintiff's stress by limiting her to performing "low-stress work" where she can "never climb ladders, ropes, and scaffolds," the RFC is supported by substantial evidence. Tr. 20. Ultimately, it is Plaintiff's burden to prove a more restrictive RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   February 6, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE